Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | WILLIAM T. HART | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 00 C 0813 | DATE | JULY 13, 2000 |
| CASE TITLE | ANDREW FILIPOWSKI, JR. v. ROBERT ROGOVIN, et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
  ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry]  Defendants' motion to strike plaintiff's surreply [21-1] is denied. Plaintiff is *sua sponte* granted leave to file his surreply. Defendants' motions to dismiss for lack of personal jurisdiction [7-1], dismiss for lack of jurisdiction and wrong venue [8-1], and to transfer venue [8-2] are denied. Within two weeks of today's order, defendants Rogovin and Four Color Comics shall answer the complaint. Status hearing set for August 23, 2000 at 11:00 a.m.
(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | 3 number of notices | Document Number |
| | No notices required. | | | |
| ✓ | Notices mailed by judge's staff. | | JUL 17 2000 date docketed | |
| | Notified counsel by telephone. | | | 23 |
| | Docketing to mail notices. | | SB docketing deputy initials | |
| | Mail AO 450 form. | | | |
| | Copy to judge/magistrate judge. | | 07/13/2000 date mailed notice | |
| WJS courtroom deputy's initials | | Date/time received in central Clerk's Office | mqm mailing initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

ANDREW FILIPOWSKI, JR.,         )
                                )
            Plaintiff,          )
                                )
       v.                       )   No. 00 CV 0813
                                )
ROBERT ROGOVIN, FOUR COLOR      )
COMICS, STEVEN FISHLER, and     )
METROPOLIS COLLECTIBLES, INC.,  )
                                )
            Defendants.         )

DOCKETED
JUL 17 2000

## MEMORANDUM OPINION AND ORDER

Plaintiff Andrew Filipowski claims that defendants conspired together to purchase collectible comic books that had been stolen from Filipowski, with defendants allegedly knowing that the comic books were stolen property. Named as defendants are Robert Rogovin and Steven Fishler and the companies they are affiliated with, respectively Four Color Comics ("FCC")[1] and Metropolis Collectibles, Inc.[2] Plaintiff is a resident of

---

[1] In the complaint, it is alleged that FCC is a sole proprietorship of Rogovin. In a motion, Rogovin represents that FCC was incorporated in 2000. He does not specify whether this occurred before or after the complaint was filed in February 2000.

[2] Fishler states in an affidavit that Metropolis Collectibles, Inc. was incorporated in 1999 and is an entity distinct from Metropolis Enterprises, Inc. which was incorporated in 1995 and formerly known as Metropolis Collectibles, Inc. For present purposes, it will be assumed that plaintiff intends to sue the corporation that has been in existence since 1995. This corporation will be referred to as "Metropolis." To the extent plaintiff has named the wrong party, he should take the necessary action to amend his pleadings.

Illinois. The individual defendants are residents of New York. The corporate defendants are incorporated in New York and have their principal places of business in New York. There is complete diversity of citizenship and the amount in controversy exceeds $75,000.

Plaintiff has denominated his complaint as having two counts: Count I for conversion and Count II for conspiracy. Plaintiff alleges that nondefendant Jeremiah Boyd stole the comic books from Filipowski's personal collection in Illinois.[3] Boyd, who allegedly was in Illinois, allegedly contacted Rogovin in New York and offered to sell the comic books to him. Rogovin, personally and on behalf of FCC, agreed to purchase the books and Boyd went to New York to complete the transaction. Rogovin contacted Fishler who, personally and on behalf of Metropolis, agreed to pay half the cost of the comic books. Plaintiff alleges that defendants had actual or constructive knowledge that the comic books were stolen because of the circumstances and the allegedly low price paid to Boyd. Following the purchase from Boyd, defendants divided the comic books between them and resold some of the books before police contacted them, apparently after Boyd confessed as to what he had done with the comic books. The comic books that defendants still possessed were returned to plaintiff. Plaintiff seeks damages for the value of the comic books that were not returned. He also claims that the comic

---

[3] Boyd is not alleged to be a member of the conspiracy alleged in Count II.

books that were returned had been damaged and he seeks damages based on their diminished value.

Rogovin and FCC move to dismiss the claims against them on the ground of lack of personal jurisdiction.[4] Fishler and Metropolis also move to dismiss on the ground of lack of personal jurisdiction. Alternatively, Fishler and Metropolis move to dismiss on the ground of improper venue or to transfer the case pursuant to 28 U.S.C. § 1404(a). Plaintiff contends each party is subject to general jurisdiction in Illinois or specific jurisdiction for the pending claims. He also contends that venue is proper and that adequate grounds do not exist for a § 1404(a) transfer.

As to both personal jurisdiction and venue, the burden is on plaintiff to show that each is proper. Steel Warehouse of Wisconsin, Inc. v. Leach, 154 F.3d 712, 714 (7th Cir. 1998); RAR, Inc. v. Turner Diesel, Ltd., 107 F.3d 1272, 1276 (7th Cir. 1997); Grantham v. Challenge-Cook Brothers, Inc., 420 F.2d 1182, 1184 (7th Cir. 1969); Nagel v. ADM Investor Services, Inc., 995 F. Supp. 837, 843 (N.D. Ill. 1998); Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 1352 at 263-65 (2d ed. 1990). For purposes of ruling on the question of

---

[4] Also pending is defendants' motion to strike plaintiff's surreply. Plaintiff's failure to obtain leave to file the surreply is not condoned. Also, although plaintiff implies that he is addressing new issues, he is simply further discussing the facts, raising issues that would likely be apparent to the court even without the additional briefing. Nevertheless, since the brief has been read, it will be considered. Defendants' motion to strike will be denied and leave to file the surreply will be granted sua sponte.

personal jurisdiction, all uncontroverted facts alleged by plaintiff, all facts adequately supported by any affidavit of plaintiff, and all uncontroverted facts supported by defendants' affidavits are assumed to be true. See McIlwee v. ADM Industries, Inc., 17 F.3d 222, 223 (7th Cir. 1994); Weidner Communications, Inc. v. H.R.H. Prince Bandar Al Faisal, 859 F.2d 1302, 1306 n.7 (7th Cir. 1988); Turnock v. Cope, 816 F.2d 332, 333 (7th Cir. 1987); Euromarket Designs, Inc. v. Crate & Barrel Ltd., 96 F. Supp. 2d 824, ___ (N.D. Ill. 2000). The same factual standard has also been applied to motions to dismiss for improper venue. See Nagel, 995 F. Supp. at 843; Wright & Miller, § 1352 at 220 (2000 Supp.). Contrary to defendants' contention, plaintiff need not provide proof of any allegations that are not contradicted by defendants' affidavits. Also, as long as they are consistent with the allegations of the complaint, allegations contained in plaintiff's answer to defendants' motions may be considered. See Albiero v. City of Kankakee, 122 F.3d 417, 419 (7th Cir. 1997); Travel All Over the World, Inc. v. Kingdom of Saudi Arabia, 73 F.3d 1423, 1428 (7th Cir. 1996); Highsmith v. Chrysler Credit Corp., 18 F.3d 434, 439-40 (7th Cir. 1994).

The venue issue will be considered first. In a diversity action such as the present one, venue is proper "in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the

subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought." 28 U.S.C. § 1391(a). The only state in which all defendants reside is New York, so subsection (1) is not a basis for venue in Illinois. Since there would be proper venue in New York under subsection (1), subsection (3) cannot apply. Therefore, plaintiff must rely on subsection (2).

The essential elements of a claim are appropriate to consider in determining what constitutes a substantial part of the events from which a claim arises. See, e.g., Sadighi v. Daghighfekr, 36 F. Supp. 2d 267, 275-76 (D.S.C. 1999). Defendants contend New York law applies to the claims in this case, while plaintiff questions this contention and raises the possibility that Illinois law applies. Under both Illinois and New York law, the basic elements of a conversion claim are the defendant's unauthorized and wrongful control of property that rightfully belongs to the plaintiff. Stathis v. Geldermann, Inc., 295 Ill. App. 3d 844, 692 N.E.2d 798, 806 (1st Dist.), appeal denied, 179 Ill. 2d 620, 705 N.E.2d 450 (1998); Douglass v. Wones, 120 Ill. App. 3d 36, 458 N.E.2d 514, 519 (2d Dist. 1983); Ahles v. Aztec Enterprises, Inc., 120 A.D.2d 903, 502 N.Y.S.2d 821, 822, appeal denied, 68 N.Y.2d 611, 503 N.E.2d 123, 510 N.Y.S.2d 1025 (1986); New York City Transit Authority v. New-York Historical Society, 167 Misc. 2d 31, 635 N.Y.S.2d 998, 1001 (N.Y. Sup. 1995),

summarily aff'd, 237 A.D.2d 419, 656 N.Y.S.2d 731, appeal denied, 90 N.Y.2d 804, 683 N.E.2d 1054, 661 N.Y.S.2d 180 (1997). For conversion claims in which the defendant is a good faith purchaser of the property, if not all conversion cases, the plaintiff must also demand return of the property. See Douglass, 458 N.E.2d at 519; Popper v. Podhragy, 48 F. Supp. 2d 268, 272-73 (S.D.N.Y. 1998); Solomon R. Guggenheim Foundation v. Lubell, 77 N.Y.2d 311, 569 N.E.2d 426, 429, 567 N.Y.S.2d 623 (1991). A good faith purchaser may be held civilly liable for conversion absent any prior knowledge of the wrongful conversion and absent any intent to interfere with the owner's property rights. Douglass, 458 N.E.2d at 519; Lubell, 569 N.E.2d at 429; Ahles, 502 N.Y.S.2d at 822; Allen v. Fromme, 195 N.Y. 404, 88 N.E. 645, 647 (1909).

Arguably, plaintiff could show that he is the rightful owner of the comic books and that defendants are liable without showing that Boyd stole the comic books, an event that occurred in Illinois. Plaintiff, however, also seeks punitive damages, which requires that he show defendants committed an intentional tort. Under the circumstances of this case, that requires proof that defendants knew they were purchasing stolen property. To show that defendants purchased stolen property, it must necessarily be shown that the property was stolen. Regardless of which form the proof takes, the underlying events supporting at least one element of plaintiff's claims occurred in Illinois: plaintiff allegedly purchased and possessed the comic books in Illinois and Boyd allegedly stole them in Illinois. Since at

least one of the essential elements of plaintiff's conversion claim centers on events occurring in Illinois, this is a case in which a substantial part of the events underlying the claims occurred in Illinois. Therefore, pursuant to 28 U.S.C. § 1391(a)(2), venue is proper in Illinois.

The next question to consider is personal jurisdiction. This court has personal jurisdiction over a defendant in a diversity case only if an Illinois court would have personal jurisdiction. Steel Warehouse, 154 F.3d at 714; RAR, 107 F.3d at 1275. Additionally, jurisdiction over the defendant must be consistent with constitutional due process. Mid-America Tablewares, Inc. v. Mogi Trading Co., 100 F.3d 1353, 1359-60 (7th Cir. 1996); Michael J. Neuman & Associates, Ltd. v. Florabelle Flowers, Inc., 15 F.3d 721, 725 (7th Cir. 1994). Plaintiff contends there is both specific and general jurisdiction over defendants. "Specific jurisdiction refers to jurisdiction over a defendant in a suit 'arising out of or related to the defendant's contacts with the forum.'" RAR, 107 F.3d at 1277 (quoting Helicopteros Nacionales de Columbia, S.A. v. Hall, 466 U.S. 408, 414 n.8 (1984)). "General jurisdiction . . . is for suits neither arising out of nor related to the defendant's contacts, and it is permitted only where the defendant has 'continuous and systematic general business contacts' with the forum." RAR, 107 F.3d at 1277 (quoting Helicopteros, 466 U.S. at 416).

Illinois's long-arm statute lists various types of conduct or other contact with Illinois that will bring a person

within Illinois's long-arm jurisdiction. See 735 ILCS 5/2-209(a)-(c). This includes specific jurisdiction based on the "commission of a tortious act within" Illinois, id. § 2-209(a)(2), and general jurisdiction based on being "a natural person or corporation doing business within" Illinois, id. § 2-209(b)(4). However, Illinois also has a catchall provision permitting the exercise of jurisdiction based "on any other basis now or hereafter permitted by the Illinois Constitution and the Constitution of the United States." Id. § 2-209(c). Since subsection (c) subsumes the provisions of subsections (a) and (b) which also must comport with state and federal due process provisions, analysis of personal jurisdiction in Illinois is often reduced to the question of whether the state and federal due process requirements are satisfied. See RAR, 107 F.3d at 1276.

The Illinois Supreme Court has stated that the Illinois due process guarantee is not necessarily co-extensive with the federal due process guarantee. See Rollins v. Ellwood, 141 Ill. 2d 244, 565 N.E.2d 1302, 1316 (1990); RAR, 107 F.3d at 1276; FMC Corp. v. Trimac Bulk Transportation Services, Inc., 97 F. Supp. 2d 872, ___ (N.D. Ill. 2000). However, in what aspect the two provisions may differ has not yet been explicated. See RAR, 107 F.3d at 1276; FMC, 97 F. Supp. 2d at ___. Under the Illinois Constitution, "jurisdiction is to be asserted only when it is fair, just, and reasonable to require a nonresident defendant to defend an action in Illinois, considering the

quality and nature of the defendant's acts which occur in Illinois or which affect interests located in Illinois." RAR, 107 F.3d at 1276 (quoting Rollins, 565 N.E.2d at 1316); FMC, 97 F. Supp. 2d at ___ (same). The federal standard has been summarized as the defendant having "certain minimum contacts with [the state] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" RAR, 107 F.3d at 1277 (quoting International Shoe Co. v. Washington, 326 U.S. 310, 316 (1945)).

Rogovin provides an affidavit stating that he purchased the comic books from Steve Lister[5] and that, at the time, he had no knowledge they were stolen. Fishler provides an affidavit stating that Rogovin solicited him for the purchase[6] and that, at the time, he had no knowledge the comic books were stolen. Plaintiff represents that Boyd declined to provide an affidavit for the response to defendants' motions. However, plaintiff's allegations that the comic books were worth more than $300,000[7] is not refuted. It is undisputed that defendants purchased the comic books for $65,000. Therefore, defendants paid 20% or less of the comic books' actual value. It is a reasonable inference

---

[5]No contention is made regarding whether Lister was a pseudonym used by Boyd or a person who purchased the comic books from Boyd or otherwise obtained them.

[6]Fishler states he did not meet or communicate with the person from whom Rogovin made the purchase, but is silent as to whether Rogovin told him anything about the seller.

[7]$300,000 is the alleged damages from the lost comic books and those with diminished value. It may not represent the full value of all the comic books sold to defendants.

that defendants paid so little because they actually knew or believed they were purchasing stolen property.⁸ It is a weaker, but still reasonable, inference that defendants would have known that the comic books were stolen in Illinois.

If it could be assumed defendants were good-faith purchasers, there would be stronger support for finding no specific jurisdiction in Illinois. See Popper, 48 F. Supp. 2d at 273. It is a more difficult question when, as in the present case, it must be assumed that defendants knew the books were stolen in Illinois, but their conduct in purchasing and receiving the books occurred in New York. Also, even plaintiff's allegation is that Boyd initiated the contact with defendants, not that any defendant physically came to Illinois to solicit the purchase or even that defendants initiated a telephone or other type of solicitation.

To the extent Boyd's act of stealing the comic books can be attributed to defendants, clearly there would be jurisdiction in Illinois. However, there is no claim that Boyd was a member of the alleged conspiracy involving defendants. However, the usual rule is that a tort occurring in Illinois, particularly the tortious injury occurring in Illinois, is a sufficient basis for jurisdiction. See Janmark, Inc. v. Reidy, 132 F.3d 1200, 1202

---

⁸Defendants contest plaintiff's alleged valuation, but provide no affidavit to refute it. Defendants also contend that it is customary for a retailer to pay less than the price for which the collectible will be resold. On the present motions, however, all disputes must be resolved and all reasonable inferences drawn in plaintiff's failure.

(7th Cir. 1997);[9] Bunn-o-Matic Corp. v. Bunn Coffee Service, Inc., 88 F. Supp. 2d 914, 920 (C.D. Ill. 2000); Clearclad Coatings, Inc. v. Xontal Ltd., 1999 WL 652030 *19-21 (N.D. Ill. Aug. 20, 1999); Digital Merchant Systems, Inc. v. Oglesby, 1999 WL 1101769 *3 (N.D. Ill. Nov. 30, 1999). It still must be a circumstance where the defendant can reasonably anticipate being haled into court in Illinois. World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 297 (1980); J.C. Whitney & Co. v. Renaissance Software Corp., 2000 WL 556610 *8 (N.D. Ill. April 19, 2000), adopted in part, overruled in part on other grounds, 98 F. Supp. 2d 981 (N.D. Ill. 2000); Digital Merchant, 1999 WL 1101769 at *3. Here, plaintiff was injured in Illinois when his comic books were stolen from Illinois. Under the facts assumed to be true for present purposes, defendants purchased the comic books knowing they had been stolen in Illinois. It should be no surprise to defendants, then, that they are sued in Illinois. It does not offend traditional notions of fair play and it is fair, just, and reasonable to require defendants to answer suit in Illinois. The motions to dismiss for lack of personal jurisdiction will be denied.

Last to be considered is the motion to transfer venue. In order to prevail on a motion to transfer venue pursuant to

---

[9]The holding in Janmark has been questioned. See IMO Industries, Inc. v. Kiekert AG, 155 F.3d 254 (3d Cir. 1998); Bunn-O-Matic, 88 F. Supp. 2d at 920 & n.3; Clearclad, 1999 WL 652030 at *21 n.11. The present case, however, involves more than just injury resulting in Illinois from a tort committed outside Illinois.

§ 1404(a), the movant must establish that venue is proper in the transferor and transferee districts, and that the transfer serves (1) the convenience of the parties, (2) the convenience of the witnesses, and (3) the interests of justice. 28 U.S.C. § 1404(a); Kavo America Corp. v. J.F. Jelenko & Co., 2000 WL 715602 *6 (N.D. Ill. June 2, 2000); Byrton Dairy Products, Inc. v. Harborside Refrigerated Services, Inc., 1997 WL 177874 *5 (N.D. Ill. April 10, 1997). Movants have the burden of demonstrating that the transferee forum best serves these interests. Heller Financial, Inc. v. Midwhey Powder Co., 883 F.2d 1286, 1293 (7th Cir. 1989); J.C. Whitney, 2000 WL 556610 at *19; Bryant v. ITT Corp., 48 F. Supp. 2d 829, 832 (N.D. Ill. 1999). Where, as here, the plaintiff who chose the forum is located in the forum district and there is a connection between the forum and claim, some deference is owed to the plaintiff's choice. J.C. Whitney, 2000 WL 556610 at *20; Brandon Apparel Group, Inc. v. Quitman Manufacturing. Co., 42 F. Supp. 2d 821, 833 (N.D. Ill. 1999).

The moving defendants have not shown that New York is clearly more convenient than Illinois. There may be some more witnesses in New York than in Illinois, but there are also likely to be a substantial number of witnesses in Illinois as well. Even if it is true that New York law will apply to the claims, the applicable law is not complex and may not be any different than Illinois law. Defendants have not made a showing sufficient to upset plaintiff's chosen forum.

IT IS THEREFORE ORDERED that defendants' motion to strike plaintiff's surreply [21-1] is denied. Plaintiff is <u>sua sponte</u> granted leave to file his surreply. Defendants' motions to dismiss for lack of personal jurisdiction [7-1], dismiss for lack of jurisdiction and wrong venue [8-1], and to transfer venue [8-2] are denied. Within two weeks of today's order, defendants Rogovin and Four Color Comics shall answer the complaint. Status hearing set for August 23, 2000 at 11:00 a.m.

ENTER:

/s/ William T. Hart
UNITED STATES DISTRICT JUDGE

DATED: JULY 13, 2000